HERMAN PINSKY and Another, Copartners Trading as PINSKY & COHEN, Plaintiffs, v. POLYCRANOS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, December 9, 1930.

*Nathan Spivack*, for the plaintiffs.

*David Goldstein*, for the defendant.

HARAWITZ, J. This is a motion for summary judgment in an action brought by plaintiffs against the defendant to recover the sum of $375 as rent for the months of January, February, March, April, and May, 1930, on the theory that a prior action between the same parties for rent for the month of December, 1929, had been decided in favor of the plaintiffs and against the defendant. The former action was tried before a judge and jury and involved rent for the month of December, 1929. The plaintiffs contended that there was an oral lease between the parties commencing on the 1st day of August, 1929, and ending on the last day of July, 1930, at a monthly rental of $75, and also claimed that the defendant was in possession of the premises up to and including the 3d day of December, 1929, the rent being payable in advance on December 1, 1929. The defendant denied the oral agreement for a year, and contended that it was a monthly tenant, and that it surrendered possession of the premises in the latter part of November, 1929; was not in possession up to December 3, 1929, as claimed by the plaintiff.

There were two questions of fact presented to the jury as is evidenced by the charge of the trial judge. The first question submitted to the jury was whether there was or was not an oral lease as was contended by the plaintiffs. The second question was whether or not the defendant remained in possession up to and including December 3, 1929, as a monthly tenant.

Under the charge of the court the plaintiffs could recover for the month of December, 1929, in the event, *first*, that there was an oral lease for a year; *second*, even though there was not an oral lease for a year, if the jury found that the defendant remained in possession up to and including December 3, 1929.

The jury found for the plaintiffs.

The plaintiffs, therefore, contend that the general verdict for the plaintiffs for the rent for the month of December, 1929, is *res adjudicata* of the question of the verbal lease for one year as hereinbefore stated.

With this view the court cannot agree. The questions submitted to the jury, *first*, the verbal lease for one year; *second*, whether or not the defendant was in possession up to and including December 3, 1929, as a monthly tenant, are inconsistent with each other, and,

therefore, from a finding for the plaintiffs of a general verdict it does not follow as a matter of law that the jury decided that there was a verbal lease for a year, as the jury could have decided for the plaintiffs on the theory that defendant was a monthly tenant and was in possession of premises up to and including December 3, 1929.

Motion for summary judgment is, therefore, denied, with leave to the plaintiffs to appeal to the Appellate Term of the Supreme Court.